IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-00175-REB-BNB

DALE HUNT,

Plaintiff,

v.

COLORADO DEP'T OF CORRECTIONS, Office of Legal Affairs, in its official capacity;
PEGGY HEIL, ex-Director of SOTMB, Office of Legal Affairs, in her individual and official capacities;
JOE STOMMEL, Director of SOTMB, Office of Legal Affairs, in his individual and official capacities;
RICHARD G. LINS, Therapist SOTMB, Office of Legal Affairs, in his individual and official capacities;

Defendants.
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter is before me on the following motions:

(1)   Plaintiff's **Motion for Summary Judgment** [Doc. # 67, filed 1/11/07] ("Plaintiff's Motion");

(2)   **State Defendants' Cross Motion for Summary Judgment** [Doc. #75, filed 1/31/07] ("State Defendants' Motion") and **Brief in Support of Sate Defendants' Cross Motion for Summary Judgment** [Doc. #76, filed 1/31/07] ("State Defendants' Brief"); and

(3)   **Defendant Peggy Heil's Cross Motion for Summary Judgment** [Doc. #91, filed 3/12/07].

## I. STANDARD OF REVIEW

The plaintiff is proceeding *pro se*. I must liberally construe the pleadings of a *pro se* plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Nevertheless, I cannot act as advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion for summary judgment, the facts must be viewed in the light most favorable to the party opposing the motion and that party must be afforded the benefit of all reasonable inferences to be drawn from the evidence. Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970). Rule 56(c), Fed.R.Civ.P., provides that summary judgment may be rendered if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of demonstrating by reference to portions of pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, the absence of genuine issues of material fact. Celotex Corp. v. Catrett, 447 U.S. 317, 323 (1986). The party opposing the motion is then required to go beyond the pleadings and designate evidence of specific facts showing that there is a genuine issue for trial. Id. at 324.

Only admissible evidence may be considered when ruling on a motion for summary judgment. World of Sleep, Inc. v. La-Z-Boy Chair Co., 756 F.2d 1467, 1474 (10th Cir. 1985). Affidavits must be based on personal knowledge and must set forth facts that would be admissible

in evidence. Murray v. City of Sapulpa, 45 F.3d 1417, 1422 (10th Cir. 1995) (quotations and citation omitted). "Conclusory and self-serving affidavits are not sufficient."[1] Id.

## II.  UNDISPUTED MATERIAL FACTS

1.  On September 8, 2000, the plaintiff pled guilty to one count of sexual assault, a class three felony under § 18-3-402(1)(a), C.R.S. The plaintiff was sentenced to an indeterminate term of four years to life. *State Defendants' Response to Plaintiff's Motion for Summary Judgment* ("State Defendants' Response"), p. 1, ¶ 1; *Amended Prisoner Complaint* (the "Complaint"), p. 4, ¶ 1.

2.  The plaintiff entered and completed Phase I of the Sex Offender Treatment and Monitoring Program ("SOTMP") while incarcerated at the Fremont Correctional Facility. *State Defendants' Response*, p. 1, ¶ 2; *Complaint*, p. 4, ¶ 2.

3.  The plaintiff was transferred to Arrowhead Correctional Center and started Phase II of the SOTMP in October 2002. After approximately two weeks, the plaintiff was terminated from the program. *State Defendants' Response*, p. 2, ¶ 3; *Complaint*, p. 4, ¶ 3.

4.  The plaintiff was notified that he was terminated without a period of probation for the following reasons: "denial of being a sex offender; persistent minimization of the sex offense; denial or severe minimization of problem areas and/or patterns of behavior; and failure to comply

---

[1] The plaintiff did not submit any evidence in support of his summary judgment motion and his responses to the defendants' summary judgment motions. Under C.D. Mosier v. Maynard, 937 F.2d 1521, 1524 (10th Cir. 1992), a plaintiff's complaint may be treated as an affidavit under Fed.R.Civ.P. 56(e) to the extent it contains statements that are based on personal knowledge and those statements have been sworn under penalty of perjury. I have relied on the factual assertions in the Complaint to the extent they are based on personal knowledge and to the extent they support factual statements asserted in the plaintiff's briefs.

3

with any of the conditions of the contract." *State Defendants' Response*, p. 2, ¶ 4; *Complaint*, p. 4, ¶ 3 and pp. 31-32.

5. The plaintiff did not have an opportunity to dispute the alleged reasons for his termination. *Complaint*, p. 10.

6. The plaintiff's requests to be readmitted into the Phase II program have been denied. *State Defendants' Response*, p. 2, ¶ p. 5, *Complaint*, p. 4, ¶ 4 and pp. 23-27.

7. The plaintiff has been transferred to the Fremont Correctional Facility and has been placed on the wait list for placement into Phase I of the SOTMP. *State Defendants' Brief*, attached Affidavit of Richard G. Lins, LPC [Doc. #76-2], ¶ 3. By placing the plaintiff on the Phase I waiting list and securing his placement in the next available Phase I therapy group, the plaintiff has been fully re-instated into the SOTMP program. Id.

8. The SOTMP treatment team made the decision to reinstate the plaintiff at a Phase I level after the plaintiff had the opportunity to meet with SOTMP on January 11, 2007, and provide input regarding the proper level of reinstatement to treatment. Id. at ¶ 4.

The plaintiff filed his Complaint on March 8, 2005 [Doc. #9]. The Complaint asserts violations of the Due Process Clause and the Eighth Amendment. The Complaint was dismissed for failure to exhaust administrative remedies on March 25, 2005. *Order and Judgment of Dismissal* [Doc. #13]. On appeal, the circuit court determined that the plaintiff had exhausted his administrative remedies for his due process claims. The circuit court further determined that the plaintiff's Eighth Amendment claim fails to state a claim upon which relief may be granted. *Order and Judgment* [Doc. #44, issued 8/10/06].

The plaintiff sues the individual defendants in their official and individual capacities. *Complaint*, Caption.  He asserts that he suffered violations of his substantive and procedural due process rights: (1) when he was terminated from the Phase II program; (2) when the defendants failed to readmit him into treatment; and (3) "for Continued incarceration and refusal to parole." *Plaintiff's Motion*, p. 3.  The plaintiff seeks release on parole; an order directing the defendants to provide him with sex offender treatment; and compensatory, punitive, and nominal damages. *Complaint*, p. 8.  All parties seek summary judgment on all claims.

### III.  ANALYSIS

This action is brought under 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State, . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

### A.  Plaintiff's Claim Regarding Release on Parole

The plaintiff claims that his due process rights are being violated because he is still incarcerated and has not been released on parole.  *Complaint*, p. 12; *Order and Judgment of Dismissal* [Doc. #13], pp. 2-3; *Order and Judgment* [Doc. #44], p. 5.  As part of his Request for Relief, the plaintiff seeks release on parole.  *Complaint*, pp. 8, 15.

An action pursuant to section 1983 is the "proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life."  Preiser v. Rodriquez, 411

U.S. 475, 499 (1973).  An action pursuant to section 1983 is not the proper remedy to challenge the fact or length of an inmate's custody.  Id.

Under this claim, the plaintiff seeks to shorten his release date.  The plaintiff is not challenging the conditions of his confinement; he is challenging the execution of his sentence.  A challenge to the execution of a sentence is properly brought under 28 U.S.C. § 2241.  McIntosh v. Untied States Parole Commission, 115 F.3d 809, 811 (10th Cir. 1997).  Accordingly, the plaintiff's due process claim regarding release on parole must be brought pursuant to 28 U.S.C. § 2241.  I respectfully RECOMMEND that the plaintiff's claim regarding release on parole be DISMISSED WITHOUT PREJUDICE.

### B.  Eleventh Amendment Immunity

The defendants assert that Eleventh Amendment immunity bars the plaintiff's claims against the Department of Corrections ("DOC") in their entirety, and bars the plaintiff's claims against the individual defendants in their official capacities insofar as they seek money damages. *State Defendants' Brief*, pp. 5-6.[2]

"Under circuit precedent, a defendant's assertion of Eleventh Amendment immunity calls into question the subject matter jurisdiction of the district court."  Thompson v. State of Colorado, 258 F.3d 1241, 1245 (10th Cir. 2001).  A challenge to subject matter jurisdiction must be resolved prior to addressing the merits of a case.  Id.

The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity,

---

[2]In her summary judgment motion, Heil incorporates the State Defendants' Motion; she does not make any separate arguments.  Therefore, I do not cite to Heil's motion.  I cite only to the state defendants' briefs.

commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.  The Supreme Court has interpreted the Eleventh Amendment as barring federal courts from hearing suits against an unconsenting state brought by the state's own citizens as well as citizens of another state.  Port Auth. Trans-Hudson Corp. v. Feeney, 495 U.S. 299, 304 (1990).  The Eleventh Amendment also applies to state agencies which function as an arm of the state.  Brennan v. University of Kansas, 451 F.2d 1287, 1290 (10th Cir. 1971).

A state may waive its Eleventh Amendment immunity, but only by a clear expression of its intent to waive.  Brennan, 451 F.2d at 1290.  Congress may also abrogate a state's Eleventh Amendment immunity, but must clearly express its intent to do so in the language of the abrogating statute.  Thompson, 258 F.3d at 1246.  Congress' enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity.  Quern v. Jordan, 440 U.S. 332, 345 (1979).

The DOC is an agency of the State of Colorado which has not waived its sovereign immunity.  Griess v. Colorado, 841 F.2d 1042, 1044-45 (10th Cir.1988).  The plaintiff's section 1983 claims against the DOC, therefore, are barred by the Eleventh Amendment.

Suits against public officials in their official capacities are equivalent to suits against the public entity itself.  See Brandon v. Hold, 469 U.S. 464, 471-72 (1985).  Suits against officials in their official capacity "generally represent only another way of pleading an action against [the] entity."  Kentucky v. Graham, 473 U.S. 159, 165(1985).  Accordingly, the Supreme Court has stated that neither states nor officials acting within their official capacities are "persons" within the meaning of 42 U.S.C. § 1983.  Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989).

In Ex parte Young, 209 U.S. 123 (1908), the Supreme Court recognized an exception to Eleventh Amendment immunity for officials acting within their official capacities. The Tenth Circuit has summarized the exception as follows:

> *Ex parte Young* recognizes an exception to Eleventh Amendment immunity under which a state officer may be enjoined from taking any steps towards the enforcement of an unconstitutional enactment, to the injury of complainant. The exception enables federal courts to vindicate federal rights and hold state officials responsible to the supreme authority of the United States. The *Ex parte Young* exception, however, is a narrow one. First, there must be an ongoing violation of federal law. Second, it applies only to prospective relief and may not be used to obtain a declaration that a state officer has violated a plaintiff's federal rights in the past. Finally, it has no application in suits against the States and their agencies, which are barred regardless of the relief sought.

Buchwald v. University of New Mexico School of Medicine, 159 F.3d 487, 496 (10th Cir. 1998) (quotations and citations omitted).

Here, the Complaint names defendants Heil, Stommel, and Lins in their official capacities. *Complaint*, Caption. As a result, the Eleventh Amendment bars the plaintiff's section 1983 suit against Heil, Stommel, and Lins for money damages and for relief for past acts.

The plaintiff seeks prospective injunctive relief in the form of an order directing the defendants to provide him with sex offender treatment. The Eleventh Amendment does not bar the plaintiff's section 1983 claims against defendants Heil, Stommel, and Lins in their official capacities for prospective injunctive relief. Buchwald, 159 F.3d at 496.[3] However, the plaintiff's claim for prospective injunctive relief is moot because he has been fully re-instated into the

---

[3] In addition, the Eleventh Amendment does not bar the plaintiff's claims against the individual defendants in their individual capacities. See Kentucky v. Graham, 473 U.S. 159, 166 (1985).

8

SOTMP program.[4] *State Defendants' Brief*, attached Affidavit of Richard G. Lins, LPC [Doc. #76-2], ¶ 3. Accordingly, there is no "ongoing violation of federal law" as contemplated by Buchwald.

I respectfully RECOMMEND the defendants' Motion be GRANTED insofar it seeks summary judgment on the plaintiff's claims against them in their official capacities based on Eleventh Amendment immunity.

### C. Qualified Immunity

The defendants seek dismissal of the plaintiff's due process claims, as asserted against them in their individual capacities, on the basis of qualified immunity. *State Defendants' Brief*, pp. 8-10.

> Qualified immunity protects from litigation a public official whose possible violation of a plaintiff's civil rights was not clearly a violation at the time of the official's actions. It is an entitlement not to stand trial or face the other burdens of litigation. The privilege is an immunity from suit rather than a mere defense to liability.

Ahmad v. Furlong, 435 F.3d 1196, 1198 (10th Cir. 2006)(internal quotations and citations omitted).

---

[4]In his response, the plaintiff asserts that he should be reinstated into Phase II instead of Phase I of the SOTMP. *Plaintiff's Response*, p. 2. The defendants provide evidence that the SOTMP treatment team made the decision to reinstate the plaintiff at a Phase I level. The decision was made after the plaintiff had the opportunity to meet with SOTMP on January 11, 2007, and provide input regarding the proper level of reinstatement to treatment. *State Defendants' Motion*, attached Affidavit of Richard G. Lins, LPC. The plaintiff does not provide any authority or competent evidence supporting his assertion that he is entitled to placement in Phase II of the SOTMP rather than Phase I. See Beebe v. Stommel, 02-cv-01993-WYD-BNB, *Findings of Fact and Conclusions of Law* [Doc. #163, issued 11/13/06], ¶ 54 (declining to find the preconditions and conditions to receipt of sex offender treatment unconstitutional where plaintiff did not show that the conditions were not reasonably related to legitimate penological objectives).

The plaintiff bears a heavy two-part burden in establishing that the defendant violated clearly established law. Teague v. Overton, 15 Fed.Appx. 597, 600 (10th Cir. 2001). This burden must be met before the defendant bears his initial burden on summary judgment:

> A summary judgment decision involving the defense of qualified immunity is reviewed "somewhat differently" from other summary judgment rulings. When a defendant raises the issue of qualified immunity, the plaintiff must satisfy a two-part test. First, the plaintiff must demonstrate that the defendant's actions violated a constitutional or statutory right. Second, the plaintiff must show that the constitutional or statutory right the defendant allegedly violated was clearly established at the time of the conduct at issue. A right is clearly established only if there is a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts has found the law to be as the plaintiff maintains. Only if the plaintiff establishes both elements of the test does the defendant bear the traditional burden of showing that there are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law.

Scull v. New Mexico, 236 F.3d 588 (10th Cir. 2000) (internal quotations and citations omitted).

The remaining claims are for violation of the plaintiff's due process rights based on his termination from, and the defendants' refusal to readmit the plaintiff to, the SOTMP. For purposes of their Motion, the defendants assume *arguendo* that the plaintiff can establish the unconstitutionality of their actions. The defendants assert that they are entitled to qualified immunity, however, because at the time of their actions there was no established law declaring that terminating an inmate from SOTMP without notice and an opportunity to be heard and refusing to readmit the inmate into SOTMP was unconstitutional.

The only "on point" case relied upon by the plaintiff is Beebe v. Stommel, 333 F.Supp.2d 1011 (D.Colo. 2004). Beebe is neither a Supreme Court nor a Tenth Circuit decision. More importantly, the Beebe decision was issued on August 30, 2004--more than two years after the

plaintiff was terminated from the SOTMP. Indeed, the court in Beebe recognized that the question of whether process is due to a convicted sex offender prior to exclusion from the SOTMP is a matter of first impression in the Tenth Circuit. Id. at 1014. Thus, the plaintiff has failed to show that the defendants' actions violated a constitutional right that was clearly established at the time the actions occurred.

I respectfully RECOMMEND that the defendants' Motions be GRANTED insofar as they seek summary judgment on the claims against them in their individual capacities based on qualified immunity.[5]

## IV.  CONCLUSION

I respectfully RECOMMEND that the plaintiff's claim regarding release on parole be DISMISSED WITHOUT PREJUDICE.

I further RECOMMEND that the State Defendants' Cross Motion for Summary Judgment and Defendant Peggy Heil's Cross Motion for Summary Judgment be GRANTED insofar as they seek summary judgment on the plaintiff's remaining claims.

I further RECOMMEND that the plaintiff's Motion for Summary Judgment be DENIED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal

---

[5] Because I find that the plaintiff's civil rights claims must be dismissed based on Eleventh Amendment immunity and qualified immunity, I do not address the parties' remaining arguments.

questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated July 31, 2007.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge