IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-00175-REB-BNB

DALE HUNT,

Plaintiff,

v.

COLORADO DEP'T OF CORRECTIONS, Office of Legal Affairs, in its official capacity;
JOE STOMMEL, Director of SOTMB, Office of Legal Affairs, in his individual and official capacities;
RICHARD G. LINS, Therapist SOTMB, Office of Legal Affairs, in his individual and official capacities;

Defendants.

## ORDER

This matter is before me on the plaintiff's **Motion for Recusal of Magistrate** [Doc. #148, filed 5/21/08] (the "Motion"). The Motion is DENIED.

The plaintiff requests that I disqualify myself from this case based on the following:

(1) I have "twice before tried to dismiss Plaintiffs [sic] case" and both rulings were "overturned [sic] overwhelmingly" by the appellate court; and

(2) I have made "many disparaging Comments indicating Bias/prejudice" which "can be seen" in my Order dated May 6, 2008 [Doc. #141].

The issue of recusal is addressed by two separate statutes. Under 28 U.S.C. § 455(a), federal judges must disqualify themselves in any proceeding in which their impartiality might reasonably be questioned. The test under this statute is "whether a reasonable person, knowing

all the relevant facts, would harbor doubts about the judge's impartiality." Hinman v. Rogers, 831 F.2d 937, 939 (10th Cir. 1987).

The plaintiff's allegations would not cause a reasonable person to harbor doubts about my impartiality in this case. The plaintiff filed his Complaint on March 8, 2005 [Doc. #9]. The Complaint asserts violations of the Due Process Clause and the Eighth Amendment, and requests release on parole. Contrary to the plaintiff's allegations, this case was first dismissed by Senior District Judge Weinshienk on the basis that the plaintiff failed to exhaust his administrative remedies [Doc. #13, issued 3/25/05].

On appeal, the circuit court determined that the plaintiff had exhausted his administrative remedies for his due process claims. The circuit court further determined that the plaintiff's Eighth Amendment claim failed to state a claim upon which relief may be granted. The circuit court dismissed the Eighth Amendment claim and remanded the due process claims for further processing on September 5, 2006 [Doc. #44]. The case was not referred to me until October 3, 2006 [Doc. #48].

On July 31, 2007, I recommended that the plaintiff's claim regarding release on parole be dismissed without prejudice and that summary judgment enter in favor of the defendants on the remaining claims [Doc. #105, issued 7/31/07]. My recommendation was adopted in full by the district judge [Doc. #113, issued 9/17/07]. In adopting my recommendation, the district judge stated that the recommendation was "detailed and well-reasoned." Id. at pp. 1-2.

On appeal, the circuit court affirmed the district judge's dismissal of the plaintiff's claims against the Colorado Department of Corrections and against defendant Peggy Heil [Doc. #128, issued 3/28/08]. The court reversed and remanded for further proceedings the plaintiff's claim

for injunctive relief as against defendants Lins and Strommel. The court specifically declined to comment on the merits of the plaintiff's claim for injunctive relief. Id. at p. 6.

Thus, I have not "twice before tried to dismiss Plaintiffs [sic] case," and the one recommendation I issued was not "overturend [sic] overwhelmingly." My recommendation was based on a fair and well-reasoned application of the applicable law to the facts of this case. My recommendation was not based on bias or prejudice toward the plaintiff or his case, and I do not harbor any bias or prejudice toward the plaintiff or his case.

The plaintiff also asserts that I have made "many disparaging Comments indicating Bias/prejudice" which "can be seen" in my Order dated May 6, 2008. *Motion*, p. 1. Specifically, the plaintiff takes issue that, in denying his motion for appointment of counsel, I stated that "the allegations of the Complaint do not convince me that the plaintiff's chances of succeeding on the merits are strong." Id. at pp. 1-2.

In deciding whether to direct the Clerk of the Court to attempt to obtain volunteer counsel for a plaintiff in a civil case, I am required by the law of this circuit to consider the merits of the litigant's claims. Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995). Under the Rucks analysis, I frequently determine that the allegations of a plaintiff's complaint do not convince me that the plaintiff's chances of succeeding on the merits are strong. These determinations are not based on personal bias or prejudice; they are based on a review of the record as required by law.

The plaintiff recently accused me of being "prejudicial toward the merits of his case and the nature of his case" and abusing my discretion in denying his prior requests for appointment of counsel [Doc. #138, field 4/28/08]. In addressing the plaintiff's accusations, I explained that

3

"[m]y decisions to deny his requests for appointment of counsel have been based on consideration of the factors enunciated in Rucks and on the procedural posture of the case." I cited to each of these decisions: *Doc. #55* (denying without prejudice the plaintiff's request for appointment of counsel subject to a renewed request once the factual and legal issues of the case and the discovery needs of the plaintiff were better defined); *Doc. # 106* (denying plaintiff's request for appointment of counsel on the basis that I had recommended dismissal of the case based on immunity); and *Doc. # 136* (denying plaintiff's request for counsel because judgment had entered in the district court and the case was proceeding on appeal in the Tenth Circuit Court of Appeals).

The plaintiff has failed to set forth any reasons to justify my recusal under 28 U.S.C. § 455(a). Nor does the record contain any justification for my recusal under this statute.

A party may also seek the disqualification of a judge under 28 U.S.C. § 144. To prevail on the motion to disqualify, the movant must timely file a sufficient affidavit alleging bias or prejudice. The supporting affidavit must establish with particularity the identifying facts of time, place, persons, occasion, and circumstances requiring disqualification. Hinman, 831 F.2d at 939. The affidavit is strictly construed against the affiant, and there is a substantial burden on the moving party to demonstrate that the judge is not impartial. Id.

The plaintiff has not submitted a supporting affidavit with his Motion. Therefore, he does not provide a basis upon which I should recuse myself under 28 U.S.C. § 455. Accordingly,

IT IS ORDERED that the plaintiff's Motion for Recusal of Magistrate is DENIED.

Dated May 29, 2008.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge